UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMRU HASHEM

        Plaintiff,

vs.

R3 EDUCATION INCORPORATED, a
Massachusetts Corporation doing business
as MEDICAL UNIVERSITY OF THE
AMERICAS

        Defendant.

Civil Action No.
Honorable

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Pursuant to 28 *U.S.C.* §§ 1332, 1441 and 1446, defendant R3 Education Incorporated ("**Defendant**"), through its undersigned counsel, hereby gives notice of the removal of the action styled *Amru Hashem v. R3 Education Incorporated, a Massachusetts Corporation doing business as Medical University of the Americas* bearing case number 17-008045-CB ("**State Court Action**") in the 3rd Judicial Circuit, County of Wayne, Michigan to the United States District Court for the Eastern District of Michigan, Southern Division. In support of this notice of removal, Defendant states as follows:

## I.     GROUNDS FOR REMOVAL

1.      Pursuant to 28 *U.S.C.* § 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.      This Court's subject matter jurisdiction, and the Defendant's basis for removal, is founded upon 28 *U.S.C.* § 1332 (a), which states in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state."

3.      Plaintiff Amru Hashem ("Plaintiff") is a resident of Canton, Michigan.  *Complaint at* ¶ 1(a true and accurate copy of the *Complaint* is attached as **Exhibit A**).

4.      Defendant is a Delaware corporation with a principal place of business in Devens, Massachusetts.

5.      As stated in the *Complaint*, plaintiff alleges the following causes of action against Defendant:

> First Count: Breach of Contract (Count I, ¶ 34)
> Second Count: Permanent Injunction (Count II, ¶ 44)

6.     The amount in controversy exceeds $75,000.  Plaintiff seeks money damages in the amount of $69,592.00.   Exhibit A, *Compl.*, ¶ 5.  In addition, plaintiff further asserts that he will suffer "unmitigated damage" unless injunctive relief is granted because Defendant's action "will prevent Plaintiff from any meaningful opportunity to pursue a future career in medicine in the United States." Exhibit A, *Compl.* ¶ 49.

7.     "[I]n an action seeking injunctive relief, a court determines whether the jurisdictional requirement is met by considering the value of the right sought to be protected by equitable relief or the extent of the injury to be prevented." *Southern States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc.*, 336 F.Supp.2d 731, 734 (W.D. Mich. 2004).

8.     Plaintiff seeks injunctive relief to protect his career as a medical professional in the United States.  Any such career plainly has a value that exceeds $75,000, let alone the mere $5,410 necessary to satisfy the diversity jurisdictional requirement given plaintiff's pled monetary damages.

9.     Based on these facts, removal is proper because Plaintiff's suit is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between "(1) citizens of different states . . . ." *See* 28 *U.S.C.* §§ 1332, 1441.

10.    Venue is proper in this district under 28 *U.S.C.* § 1441(a) because the court where the State Court Action is pending is located in this district.

## II.    REMOVAL IS TIMELY

11.    Removal is timely pursuant to 28 *U.S.C.* § 1446 (b) (1), which provides that  a defendant desiring to remove a civil action from a State court shall file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief … ."

12.    Plaintiff filed his *Complaint* in the State Court on May 30, 2017.  *See Complaint*.  Service was voluntarily accepted by counsel for Defendant on June 7, 2017.  This Notice accordingly is being filed within thirty days of Defendant's receipt of the *Complaint*.

## III.    ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

13.    Pursuant to 28 *U.S.C.* § 1446 (a), a defendant seeking to remove a civil action shall file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action."  Defendant has, contemporaneously herewith, filed a copy of the *Complaint*, as well as plaintiff's *Motion for an Emergency Temporary Restraining Order, Show Cause Order and Preliminary Injunction and Brief in Support* ("**Motion**") with this court.  *See* <u>Exhibits A</u> (*Complaint*) and <u>B</u> (*Motion*).  In addition, a copy of the State Court's May 31, 2017 *Order Granting in*

4

*Part Plaintiff's Ex Parte Temporary Restraining Order and Order to Show Cause* is attached hereto as <u>Exhibit C</u>.

14.     All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 *U.S.C.* § 1446(d), as evidenced by the attached *Certificate of Service* and by *Notice to Parties of Removal* directed to Plaintiff and which will be promptly filed in the State Court Action.  A copy of the *Notice to Parties of Removal* to be filed in the State Court is attached hereto as **<u>Exhibit D</u>**.

15.     Pursuant to 28 *U.S.C.* § 1446 (d), Defendant will promptly notify the State Court of the filing of this notice.  A copy of the *Notice of Removal* to be filed in the State Court is attached hereto as **<u>Exhibit E</u>**.

WHEREFORE, pursuant to the provisions of 28 *U.S.C.* §§ 1441 and 1446, Defendant hereby removes to this Court the action captioned *Amru Hashem v. R3 Education Incorporated, a Massachusetts Corporation doing business as Medical University of the Americas* bearing Case Number 17-008045-CB   in the 3rd Judicial Circuit, County of Wayne, Michigan.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

By:        /s/ Sidney L. Frank
        Sidney L. Frank (P13637)
        Attorney for Defendant
        380 N. Old Woodward Avenue
        Suite 300
        Birmingham, MI 48009
        (248) 642-0333
        slfrank@wwrplaw.com

DATED: July 5, 2017

## CERTIFICATION OF SERVICE

I hereby certify that on July 5, 2017, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        */s/ Sidney L. Frank*
        Sidney L. Frank