UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AMRU HASHEM,

        Plaintiff,

    v.

R3 EDUCATION INCORPORATED,

        Defendant.

Case No. 2:17-cv-12178
Honorable Laurie J. Michelson
Magistrate Anthony P. Patti

## R3 EDUCATION INCORPORATED'S AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendant R3 Education Incorporated ("**R3**"), by and through its undersigned counsel, respectfully moves, pursuant to *Federal Rule of Civil Procedure* 12 (b) (2), that this Court dismiss plaintiff Amru Hashem's complaint dated May 30, 2017 ("*Complaint*"). R3 respectfully submits that: (a) this Court lacks personal jurisdiction over it inasmuch as R3 has no Michigan presence and has not purposefully availed itself of the privilege of conducting business in this jurisdiction; and (b) the exercise of such jurisdiction would violate the Due Process requirements of fair play and substantial justice.

Alternatively, R3 moves this Court, pursuant to 28 *U.S.C.* § 1406 (a), for the entry of an order transferring this matter to the United States District Court for the District of Massachusetts. R3 has a physical presence in Massachusetts and, accordingly, that district would have jurisdiction over this cause. Additionally, the

interests of justice would be served by such a transfer because certain of many of the witnesses and documents that have information relevant to the claims of the plaintiff are located within that venue.

Accordingly, and for the reasons more fully set forth in R3's accompanying memorandum of law, R3 asks that this Court dismiss the *Complaint* or, alternatively, transfer this case to the United States District Court for the District of Massachusetts.

In compliance with the requirements of L.R. 7.1(a), counsel certifies that he sought concurrence from Plaintiff's counsel on July 11, 2017, and that Plaintiff refused to concur in the relief sought herein.

Respectfully submitted,

/s/ Sidney L. Frank
Sidney L. Frank (P13637)
WILLIAMS WILLIAMS RATTNER &
PLUNKETT, P.C.
380 N. Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
(248) 642-0333
slfrank@wwrplaw.com

Donald E. Frechette (P33240)
LOCKE LORD LLP
20 Church Street
Hartford, Connecticut 06107
(860) 541-7713
Donald.frechette@lockelord.com

*Attorneys for Defendant*
DATED:  July 11, 2017           *R3 Education Incorporated*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AMRU HASHEM,

        Plaintiff,

   v.

R3 EDUCATION INCORPORATED,

        Defendant.

Case No. 2:17-cv-12178
Honorable Laurie J. Michelson
Magistrate Anthony P. Patti

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................vi

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................ vii

I.     INTRODUCTION ........................................................................1

II.    RELEVANT FACTS.................................................................2

III.   ARGUMENT............................................................................4

     A.    The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction Over R3.............................................................4

          1.    R3 lacks sufficient minimum contacts with Michigan to establish either general or specific jurisdiction.........................6

               a.    There is no basis for general jurisdiction ........................6

               b.    There is no basis for specific jurisdiction.......................9

          2.    Exercising personal jurisdiction over R3 would violate the Due Process requirements of fair play and substantial justice ......................................................................14

     B.    Alternatively, the Court Should Transfer the Case to the District of Massachusetts.................................................................15

IV.   CONCLUSION.........................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Akbar v. Bangash*,
   2016 WL 4060930 (E.D. Mich. July 29, 2016)....................................................5

*AlixPartners, LLP v. Brewington*,
   836 F.3d 543 (6th Cir. 2016) .................................................................5

*American Univ. Sys., Inc. v. American Univ.*,
   858 F. Supp. 2d 705 (N.D. Tex. 2012) ....................................................8

*Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.*,
   2016 WL 1323784 (E.D. Mich. April 5, 2016) ........................................7

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
   480 U.S. 102 (1987)..........................................................................14

*Audi AG & Volkswagen of Am., Inc. v. D'Amato*,
   341 F.Supp.2d 734 (E.D. Mich. 2004) .................................................5

*Bird v. Parsons*,
   289 F.3d 865 (6th Cir. 2002) .............................................................11

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985)............................................................................9

*Children's Legal Services, PLLC v. Shor Levin and Derita, P.C.*,
   850 F.Supp.2d 673 (E.D. Mich. 2012) .................................................5

*Compuserve, Inc. v. Patterson*,
   89 F.3d 1257 (6th Cir. 1996) ...............................................................9

*Conn v. Zakharov*,
   667 F.3d 705 (6th Cir. 2012) ...............................................................6

*Conti v. Pneumatic Prods. Corp.*,
   977 F.2d 978 (6th Cir. 1992) .............................................................12

*CSX Transp., Inc. v. Union Tank Car Co.*,
   247 F.Supp.2d 833 (E.D. Mich. 2002) ................................................6

*Daimler AG v. Bauman*,
    --- U.S. ---, 134 S.Ct. 746 (2014)........................................................................6

*Family Wireless #1, LLC v. Automotive Tech., Inc.*,
    2015 WL 5142350 (E.D. Mich. 2015)..............................................................15

*Gallant v. Trustees of Columbia Univ.*,
    111 F. Supp. 2d 638 (E.D. Pa. 2000)..................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...........................................................................................6

*Gutman v. Allegro Resorts Marketing Corp.*,
    201 WL 8608941, at *3 (E.D. Mich. Dec. 14, 2015) ........................................12

*Hardnett v. Duquesne Univ.*,
    897 F. Supp. 920 (D. Md. 1995)........................................................................8

*Hershman v. Muhlenberg Coll.*,
    2013 WL 5929849 (D. Conn. Nov. 4, 2013) .....................................................8

*Intera Corp. v. Henderson*,
    428 F.3d 605 (6th Cir. 2005) .............................................................................6

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...........................................................................................5

*Kelly Servs., Inc. v. Noretto*,
    495 F.Supp.2d 645 (E.D. Mich. 2007) .............................................................11

*Kerry Steel, Inc. v. Paragon Indus., Inc.*,
    106 F.3d 147 (6th Cir. 1997) .............................................................................6

*Khattab v. Morehouse School of Med.*,
    2007 WL 37757 (E.D. Mich. Jan. 4, 2007) .......................................................7

*Kloth v. Southern Christian Univ.*,
    320 F. App'x 113 (3d Cir. 2008) .......................................................................7

*Kober v. American Univ. of Caribbean NV, Inc.*,
    2012 WL 2317029 (W.D. La. May, 25 2012) ...................................................8

*LGT Enter., Inc. v. Hoffman*,
  614 F.Supp.2d 825 (W.D. Mich. 2009) ..............................................................11

*McCluskey v. Belford High School*,
  795 F.Supp.2d 608 (E.D. Mich. 2010) ................................................................6

*Miller v. AXA Winterthur Ins. Co.*,
  694 F.3d 675 (6th Cir. 2012) ...............................................................................5

*MLP U.S.A., Inc. v. Golden Image Graphics*,
  2204 WL 887381, at *2 (N.D. Ill. April 26, 2004)...........................................10

*Murtach Energy Servs, LLC v. ComEnCo Sys., Inc.*,
  2014 WL 2863745 (E.D. Mich. June 24, 2014) .................................................13

*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*,
  149 F.3d 1086 (10th Cir. 1998) .........................................................................15

*Pinninti v. NRI Medical College (NRIAS)*,
  2010 WL 2483992 (D.N.J. June 4, 2010)............................................................9

*Pop Test Cortisol, LLC v. University of Chicago*,
  2015 WL 3822237 (D.N.J. June 18, 2015)...........................................................7

*Poyner v. Erma Werke Gmbh*,
  618 F.2d 1186 (6th Cir. 1980) .............................................................................5

*SFS Check, LLC v. First Bank of Del.*,
  990 F.Supp.2d 762 (E.D. Mich. 2013) ................................................................4

*Telco Leasing, Inc. v. Marshall County Hospital*,
  586 F.2d 49 (7th Cir. 1978) ...............................................................................10

*Theunissen v. Matthews*,
  935 F.2d 1454 (6th Cir. 1991) .............................................................................5

*Walden v. Fiore*,
  — U.S. —, 134 S. Ct. 1115 (2014)....................................................................12

*Webasto Products North America v. A.A. Mabru, Inc.*,
  2011 WL 499134 (E.D. Mich. Feb. 8, 2011).......................................................9

*World-Wide Volkswagen v. Woodson*,
    444 U.S. 286 (1980) ......................................................................................14

**Statutes**

28 *U.S.C.* § 1406 .............................................................................................2, 15

**Other Authorities**

United States Constitution, 4th Amendment .........................................................12

*Fed. R. Civ. P.* 12 (b) (2) ...................................................................................1

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Complaint be dismissed for lack of general or personal jurisdiction?

   Defendant Answers:  Yes

2. If not dismissed, should the Court transfer the case to the District of Massachusetts?

   Defendant Answers:  Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Re General Jurisdiction:

> *Miller v. AXA Winterthur Ins. Co.,* 694 F.3d 675 (6th Cir. 2012)

> *Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.*, 2016 WL 1323784 (E.D. Mich. April 5, 2016)

Re Specific Jurisdiction:

> *Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)

> *LGT Enter., Inc. v. Hoffman*, 614 F.Supp.2d 825, 829 (W.D. Mich. 2009)

> *Gutman v. Allegro Resorts Marketing Corp.*, 201 WL 8608941, at *3 (E.D. Mich. Dec. 14, 2015)

## I.    INTRODUCTION

Defendant R3 Education Incorporated ("**R3**") submits this memorandum in support of its accompanying *Motion to Dismiss or in the Alternative to Transfer*. Plaintiff Amru Hashem ("**Mr. Hashem**") is a resident of the state of Michigan.  He is currently a student at Medical University of the Americas ("**MUA**"), a medical school operated by R3 in the Caribbean island nation of St. Christopher & Nevis ("**St. Kitts**"). MUA is chartered by the government of St. Kitts.

Mr. Hashem has filed a two count complaint against R3.  In Count I, he asserts that R3 breached its contract with him by "forcibly remov[ing]" him from his epidemiology class, denying him the opportunity to take his epidemiology mid-term examination, and otherwise generally treating him unfairly by failing to adhere to its own promulgated policies as regards matters of, *inter alia*, class attendance and the hearing and resolution of grievances.  In Count II, Mr. Hashem seeks permanent injunctive relief including reinstatement, the removal of all "negative connotations" from his academic record, and an order prohibiting R3 from retaliating against him "in any manner whatsoever."

The Court should dismiss the *Complaint* pursuant to *Fed. R. Civ. P.* 12 (b) (2) because Mr. Hashem cannot establish that personal jurisdiction over R3 exists in Michigan.  R3 is not subject to general jurisdiction in Michigan because it is incorporated in Delaware and has its principle place of business in Massachusetts.

It is thus deemed to be "located" in those states and has only limited, sporadic contacts with Michigan.  Nor is there any basis for specific jurisdiction over R3 in Michigan, as all of the events and conduct at issue occurred in St. Kitts.  Finally, exercising personal jurisdiction over R3 would also violate the Due Process requirements of fair play and substantial justice.

Should the Court not simply dismiss the complaint for lack of personal jurisdiction, this action should be transferred to the United Stated District Court for the District of Massachusetts pursuant to 28 *U.S.C.* § 1406.  This case could have been properly brought in that district, and many of the relevant witnesses and documents are also located there.

## II.    RELEVANT FACTS

MUA is an academic institution operated by R3 in St. Kitts.  *Declaration of Steven C. Rodger* dated June 28, 2017 ("***Rodger Dec.***"), ¶ 5.  R3 is not registered or authorized to do business in Michigan.  *Id*., ¶ 4.  It does not own any real or personal property in Michigan or maintain an office or any other facility in Michigan.  *Id.*  It has no employees in Michigan and does not maintain a registered agent for service of process here.  *Id*.  It does not maintain a bank account, post-office box, or phone listing in Michigan.  *Id.*  MUA has never been required to file, nor filed, a Michigan tax return.  *Id.*  R3 was not served with process of this lawsuit while in Michigan.  *Id*  No entity located in Michigan controls any of R3's

activities.  *Id*.  R3 does not engage in any advertising, recruiting or other marketing or solicitation activities or efforts specific or targeted to Michigan or its residents. *Id*.  R3 has not consented to be sued in Michigan, nor does it carry on a "continuous and systematic" portion of its business here.  *Id*.

MUA is charted by the St. Kitts government to provide education in medicine leading to the degree of doctor of medicine.  *Id.*, ¶ 5.  All of MUA's educational facilities are located on Nevis in St. Kitts.  *Id*., ¶ 6.  R3, on the other hand, is incorporated in Delaware, has its principle place of business in Massachusetts, and also has administrative offices in Florida.  *Id*., ¶¶ 3, 6.

MUA's students, upon completion of their basic science education (all of which occurs on Nevis), perform clinical rotations at teaching hospitals in select foreign countries and throughout the United States, including Michigan.  *Id*., ¶ 7. These rotations may be core, for which MUA selects the hospital, or elective, for which the student selects the hospital.  *Id*.  MUA does not place, and for more than three years has not placed, any students at hospitals in Michigan for core clinical rotations.  *Id*.

MUA's only continuous contact with Michigan is through internet advertisements and its website.  *Id*., ¶ 8.  MUA's internet advertisements are not targeted to Michigan and its website is accessible from anywhere in the world.  *Id*. While MUA's website allows prospective students to submit an application form,

the website cannot process and respond to applications submitted *via* the online application form.  *Id*.  Instead, MUA communicates with applicants and others only by telephone, letter or email, not through its website, and all such communications, to the extent initiated by MUA, are initiated outside of Michigan.  *Id*.  On average, over the last five years, less than two per cent (2%) of MUA's students have been from Michigan.  *Id.*, ¶ 9.  It was Mr. Hashem who first initiated contact with MUA, not *vice versa*.  *Rodger Dec.*, ¶ 9.

All of the potential witnesses in this case (with, depending on when this case is heard, the possible exception of Mr. Hashem) are either on Nevis or in the state of Massachusetts.  *Id.*, ¶ 10.  In particular, the allegations contained in Mr. Hashem's complaint concern an associate dean, a course instructor, and executive dean, and MUA's registrar.  *Id.*  The first two of these witnesses are on Nevis, while the latter two are located in Massachusetts.  *Id.*  All of the relevant documents in this case will likewise be sited in either Massachusetts or Nevis.  *Id.*, ¶ 11.

## III.  ARGUMENT

### A.  The Court Should Dismiss the *Complaint* for Lack of Personal Jurisdiction Over R3.

"In a diversity case . . . personal jurisdiction over a defendant is proper only if it comports with the requirements of the state long-arm statute and federal constitutional due process."  *SFS Check, LLC v. First Bank of Del.*, 990 F.Supp.2d

762, 770 (E.D. Mich. 2013) (quoting *Children's Legal Services, PLLC v. Shor Levin and Derita, P.C.*, 850 F.Supp.2d 673, 679 (E.D. Mich. 2012)). Michigan's "long-arm statute has been construed 'to bestow the broadest possible grant of personal jurisdiction consistent with due process.'" *Akbar v. Bangash*, 2016 WL 4060930, at *3 (E.D. Mich. July 29, 2016) (quoting *Audi AG & Volkswagen of Am., Inc. v. D'Amato*, 341 F.Supp.2d 734, 741 (E.D. Mich. 2004)). Consequently, "the Sixth Circuit 'historically has understood Michigan to intend its long-arm statute to extend to the boundaries of the [F]ourteenth [A]mendment.'" *Id.* (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1462 (6th Cir. 1991)). Thus, the question is "whether [R3] has such 'minimum contacts' with [Michigan] that the exercise of in personam jurisdiction will not offend 'traditional notions of fair play and substantial justice.'" *Poyner v. Erma Werke Gmbh*, 618 F.2d 1186, 1191 (6th Cir. 1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The burden of demonstrating the existence of personal jurisdiction rests with plaintiff. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016). "In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (citing *Theunissen*, 935 F.2d at 1458).

### 1. R3 lacks sufficient minimum contacts with Michigan to establish either general or specific jurisdiction.

"A court may have personal jurisdiction over a defendant either by general jurisdiction or specific jurisdiction." *CSX Transp., Inc. v. Union Tank Car Co.*, 247 F.Supp.2d 833, 936 (E.D. Mich. 2002) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)). If a defendant is subject to general jurisdiction, it can be sued in the forum state on "any and all claims" that may be alleged against it. *Daimler AG v. Bauman*, --- U.S. ---, 134 S.Ct. 746, 754 (2014). "On the other hand, "[a]n exercise of specific jurisdiction is proper where the claims in the case *arise from or are related to* the defendant's contacts with the forum state."" *McCluskey v. Belford High School*, 795 F.Supp.2d 608, 616 (E.D. Mich. 2010) (emphasis added) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005)).

### a. There is no basis for general jurisdiction.

A court has general jurisdiction over a non-resident defendant only when its contacts with the forum state are so "continuous and systematic" as to render it "essentially at home" in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a corporate entity, the "place of incorporation and principal place of business are paradigm bases for general jurisdiction[.]" *Daimler AG*, 134 S. Ct. at 760 (2014); *see also Conn v. Zakharov*, 667 F.3d 705, 719-20 (6th Cir. 2012) (defendant's contacts must "approximate

physical presence within the state"). Establishing the existence of general jurisdiction requires meeting a threshold that has been described as "difficult." *Ann Arbor T-Shirt Co., LLC v. Lifeguard Licensing Corp.*, 2016 WL 1323784, at *4 (E.D. Mich. April 5, 2016).

As discussed above, R3 has its principle place of business in Massachusetts and is a Delaware corporation. Its contacts with Michigan are not so "continuous and systematic" as to make it "at home" in this forum. To the contrary, R3's contacts with Michigan are merely the sporadic types of contact that are typical of any university's contact with potential students – contacts that courts in this circuit and elsewhere consistently have found insufficient to establish general jurisdiction. *See Khattab v. Morehouse School of Med.*, 2007 WL 37757 (E.D. Mich. Jan. 4, 2007); *see also Kloth v. Southern Christian Univ.*, 320 F. App'x 113, 117 (3d Cir. 2008) ("maintenance of a Web site that posts information about the school and is accessible to potential students in foreign jurisdictions is insufficient to subject a non-resident defendant to general jurisdiction"); *Pop Test Cortisol, LLC v. University of Chicago*, 2015 WL 3822237, at *3 (D.N.J. June 18, 2015) ("typical university-type activities in a forum, such as fundraising and recruiting" did not support general jurisdiction); *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp. 2d 638, 640 (E.D. Pa. 2000) (no general jurisdiction even though university enrolled forum residents as students, filed collection actions and maintained

multiple trust accounts in forum, participated in research agreements with forum companies, conducted fund raising and recruitment activities in forum, and participated in "revenue-generating athletic events" in forum); *American Univ. Sys., Inc. v. American Univ.*, 858 F. Supp. 2d 705, 713-14 (N.D. Tex. 2012) (evidence that university recruits students from forum state, employs forum residents, and has contacts with alumni in forum fails to support exercise of general jurisdiction) (collecting cases); *Hershman v. Muhlenberg Coll.*, 2013 WL 5929849, at *3 (D. Conn. Nov. 4, 2013) (same; collecting cases); *Kober v. American Univ. of Caribbean NV, Inc.*, 2012 WL 2317029, at *3 (W.D. La. May, 25 2012) (same), *report and recommendation adopted*, 2012 WL 2309585 (W.D. La. June 18, 2012) (no general jurisdiction over school "simply because it may draw students from the forum state, receive revenue from the forum state through tuition or fundraising, recruit students in the state, or have contacts with alumni in the state"); *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920 (D. Md. 1995) (no general jurisdiction where university sent application for admission to plaintiff's home, granted him scholarship, sent representatives to college fairs in the state, provided toll-free informational number for forum-based students, and sent recruitment videos to interested persons).

R3's limited contacts with Michigan, as set forth above, are no different from the facts of these numerous cases in which a college or university was found

8

not to be subject to general jurisdiction in a foreign state. Simply put, R3 is "at home" in Massachusetts and Delaware, not Michigan, and there is no basis to exercise general jurisdiction over R3 in this Court.

### b. There is no basis for specific jurisdiction.

The *Complaint* suggests that specific jurisdiction over R3 exists because: (a) Mr. Hashem "entered into a contract with R3 in Wayne County, MI to attend the MUA in May of 2016;" (b) R3 has "matched countless students" with Michigan hospital residency programs; and (3) R3 has "earned millions of dollars in tuition from Michigan residents." *Complaint*, ¶¶ 3-4. It is well-settled, however, that merely entering into a contract with a resident of the forum state does not suffice to establish specific jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996), citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)); *see also Webasto Products North America v. A.A. Mabru, Inc.*, 2011 WL 499134, at *4 (E.D. Mich. Feb. 8, 2011).[1]

---

[1] The principle that contract formation alone provides no basis for specific jurisdiction has particular force in cases where the forum resident initiated contact with a defendant educational institution in another state (or country). *See Pinninti v. NRI Medical College (NRIAS)*, 2010 WL 2483992, at *6 (D.N.J. June 4, 2010) ("[I]n cases involving contracts formed between a non-resident institution of higher education and a prospective student, courts have held that contacts from the institution directed into the forum state in response to inquiries from the prospective student do not constitute sufficient minimum contacts to subject the institution to specific personal jurisdiction." ) (collecting cases). That is what happened here. *Rodger Dec.*, ¶ 9.

To the contrary, entering into a contract with a resident of the forum state serves as a basis for specific jurisdiction only where the contract is "substantially performed" in the forum state. *Compare MLP U.S.A., Inc. v. Golden Image Graphics*, 2204 WL 887381, at \*2 (N.D. Ill. April 26, 2004) (contract with an Illinois company that contemplated the mailing of payments to an Illinois address, contained an Illinois choice-of-law provision, and was executed in Illinois not sufficient to confer jurisdiction where actual performance of agreement did not occur in Illinois) (citing *Telco Leasing, Inc. v. Marshall County Hospital*, 586 F.2d 49 (7th Cir. 1978)).

In the matter *sub judice* the <u>only</u> contractual "act" that occurred was Mr. Hashem's election to accept MUA's offer to matriculate and, presumably, his transmittal of his tuition funding. The entirety of R3's activities, on the other hand, were performed in St. Kitts. That is where Mr. Hashem attended classes, took exams, was allegedly "forcibly removed," was denied the opportunity to take his mid-term examination, and where MUA supposedly disregarded its various grievance and appeal protocols. None of the conduct that stands at the heart of Mr. Hashem's complaint has even the remotest nexus with Michigan.

MUA's other supposed acts – those of "matching" students with various residency programs and earning "millions of dollars" from Michigan residents – also cannot serve as a basis for the exercise of specific jurisdiction. To begin with,

MUA's earnings are simply another way of saying that MUA has entered into multiple contracts with Michigan residents.  But, as has already been established above, simply entering into a contract, or multiple contracts, cannot, standing alone, serve as the basis for a finding of specific jurisdiction.

Moreover, the fact that MUA has "matched countless students" with various Michigan residency programs is both factually incorrect and of no relevance.  As the *Rodger Dec.* demonstrates, **MUA** hasn't matched **any** students with Michigan residency programs during the last three years.  *Rodger Dec.*, ¶ 7.  Some of MUA's **students** may have elected Michigan residency programs, but those elections were, by definition, not initiated by MUA.

This allegation is also irrelevant because, even if MUA did match its students with Michigan residency programs, Mr. Hashem's claims against R3 have nothing to do with any such placements.  Instead, his allegations are plainly grounded in the operational workings of MUA **in St. Kitts.**  In order for specific jurisdiction to exist over R3 here, it is incumbent upon Mr. Hashem to show that his "causes of action arose from [MUA's] Michigan-related activities."  *LGT Enter., Inc. v. Hoffman*, 614 F.Supp.2d 825, 829 (W.D. Mich. 2009).  Put differently, Mr. Hashem must show that his "cause[s] of action, of whatever type, have a substantial connection with [MUA's] in-state activities."  *Id.* at 838 (quoting *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002)); *see also Kelly Servs.,*

*Inc. v. Noretto*, 495 F.Supp.2d 645, 651 (E.D. Mich. 2007) (specific jurisdiction exists when plaintiff's claims "arise out of or relate to a defendant's conduct within the forum state") (citing *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Gutman v. Allegro Resorts Marketing Corp.*, 201 WL 8608941, at *3 (E.D. Mich. Dec. 14, 2015) (quoting *Walden v. Fiore*, — U.S. —, 134 S. Ct. 1115, 1121 (2014).

> *Walden* involved the scope of specific jurisdiction. There, California and Nevada residents flew from Puerto Rico to Las Vegas, Nevada, with a layover at the Atlanta airport. They had almost $97,000 in cash in their carry-on bags (allegedly from gambling winnings). A deputized DEA Agent seized the cash in Atlanta after an alleged positive hit by a drug-sniffing dog. The agent eventually drafted an allegedly false affidavit of probable cause for forfeiture of the funds, but no forfeiture charges were ever filed and the DEA subsequently returned the funds. The residents then filed a *Bivens* action against the agent in the District of Nevada asserting various Fourth Amendment violations.
>
> In rejecting the Ninth Circuit's conclusion that jurisdiction was proper because the agent expressly aimed his conduct at Nevada by submitting the affidavit with knowledge that it would affect persons with a significant connection to Nevada, the Supreme Court emphasized that 'the inquiry as to whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. First, the relationship must arise out of contacts that the defendant

> himself creates with the forum State.  Stated differently, a plaintiff's contacts with a forum – however significant – cannot be decisive in determining whether the defendant's due process rights are violated.  Second, the minimum contacts analysis looks at the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there.  Therefore, emphasized the Court, a plaintiff cannot be the only link between the defendant and the forum.  ***Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.***

*Murtach Energy Servs, LLC v. ComEnCo Sys., Inc.*, 2014 WL 2863745, at \*9 (E.D. Mich. June 24, 2014) (quotation marks and brackets omitted; emphasis added).

All of R3's "suit-related conduct" occurred in St. Kitts, not Michigan.  Mr. Hashem alleges that R3: (a) "forcibly removed" him from an epidemiology class; (b) did not allow him to take his epidemiology mid-term exam; (c) threatened and verbally accosted him; (d) failed to respond to his duly-filed grievance; (e) prevented him from properly perfecting his grievance; (f) improperly reflected a class withdrawal on his transcript; and (g) failed to uniformly apply its own policies and procedures as regards class absenteeism and dispute resolution.  But as is plainly evident, ***none*** of these activities had anything to do with conduct ***in Michigan***.  To the contrary, each of the allegedly offending acts took place in St. Kitts.  Accordingly, there is no basis for the exercise of specific jurisdiction in this case.

**2.   Exercising personal jurisdiction over R3 would violate the Due Process requirements of fair play and substantial justice.**

Even if Mr. Hashem could show sufficient minimum contacts to support the exercise of general or specific jurisdiction, which he cannot, this Court should decline to exercise jurisdiction over R3 because doing so would offend traditional notions of fair play and substantial justice.  In making this assessment, the Court considers the burden on the defendant of litigating in the forum state, the interests of the forum state, the plaintiffs' interest in obtaining relief, the "interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the states in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987).

The burden on a nonresident defendant of litigating in a distant forum is a "primary concern" in the consideration of fair play and substantial justice. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980).  That burden, as well as the interest in obtaining the most efficient resolution of controversies, weighs heavily against exercising jurisdiction over R3 in Michigan.  Aside (possibly) from Mr. Hashem, none of the relevant witnesses are located in this district or individually subject to its subpoena power.  *Rodger Dec.*, ¶ 10.  Similarly, all of the relevant documents are located outside of this district.  *Id.*

Nor does Mr. Hashem's interests in obtaining relief, or Michigan's interest in claims brought by its residents, weigh in favor of exercising jurisdiction here. The district of Massachusetts, where this case should have been filed, provides an entirely adequate forum for Mr. Hashem's claims.  This is not a case in which Mr. Hashem's chances of recovery will be affected by application of the laws of a different forum or because the burden of litigating in Massachusetts would be so overwhelming as to practically foreclose a lawsuit there.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1097 (10th Cir. 1998).

For all of the foregoing reasons, the Court should dismiss the *Complaint* for lack of personal jurisdiction over R3.

## B.   Alternatively, the Court Should Transfer the Case to the District of Massachusetts.

Pursuant to 28 *U.S.C.* § 1406 (a), this court may transfer any action brought in the wrong judicial district "to any district or division in which it could have been brought."  Section 1406 has been construed to apply in cases where jurisdiction against a defendant is lacking.  *Family Wireless #1, LLC v. Automotive Tech., Inc.*, 2015 WL 5142350, at *3 (E.D. Mich. 2015).  Here, and as discussed above, this case could have properly been brought against R3 in Massachusetts, since that is where R3 maintains its principle place of business.  Additionally, and as also previously discussed, many of the relevant witnesses and documents are located in

Massachusetts.  *Rodger Dec.*, ¶¶ 10-11.  This court may, in its discretion, therefore elect to transfer this action to that district.

## IV.  CONCLUSION

The Court should dismiss the *Complaint* for lack of personal jurisdiction over R3.  Alternatively, the Court should transfer the case to the district of Massachusetts.

Respectfully submitted,

/s/ Sidney L. Frank
Sidney L. Frank (P13637)
WILLIAMS WILLIAMS RATTNER &
PLUNKETT, P.C.
380 N. Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
(248) 642-0333
slfrank@wwrplaw.com

Donald E. Frechette (P33240)
LOCKE LORD LLP
20 Church Street
Hartford, Connecticut 06107
(860) 541-7713
Donald.frechette@lockelord.com

*Attorneys for Defendant*
*R3 Education Incorporated*

DATED: July 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2017, I electronically filed the foregoing papers with the Clerk of the Court by using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.

/s/ Sidney L. Frank
Sidney L. Frank (P13637)
WILLIAMS WILLIAMS RATTNER &
PLUNKETT, P.C.
380 N. Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
(248) 642-0333
slfrank@wwrplaw.com

*Attorneys for Defendant*
*R3 Education Incorporated*