# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**AMRU HASHEM,**

    Plaintiff,

v.

**R3 EDUCATION INCORPORATED,** a Massachusetts Corporation doing business as Medical University of the Americas,

    Defendant.

Case No.: 17-cv-12178
Honorable Laurie J. Michelson
Magistrate Anthony P. Patti

_____/

**MAF LAW, P.C.**
Mohammed Abdrabboh (P61989)
Attorney for Plaintiff
1360 Porter St., Suite 200
Dearborn, MI  48124
(313) 582-5800
mabdrabboh@hotmail.com

Azzam Elder (P53661)
Attorney for Plaintiff
1360 Porter St., Suite 200
Dearborn, MI  48124

**WILLIAMS, WILLIAMS, RATTNER, AND PLUNKETT, P.C.**
Sidney L. Frank (P13637)
Attorney for Defendant
380 N. Old Woodward Ave., Suite 300
Birmingham, MI  48009
(248) 642-0333
slfrank@wwrplaw.com

_____/

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT

NOW COMES Plaintiff Amru Hashem, by and through his attorneys, MAF Law, P.C., and for his Motion to Remand to State Court states as follows:

Pursuant LR § 7.1, the instant Motion will be opposed by Defendant. Undersigned requested but did not obtain concurrence in the relief sought by Defendant's counsel. Accordingly, as further discussed in the attached brief, this case must be remanded to the Wayne County Circuit Court because this Court lacks Subject Matter Jurisdiction based on the amount in controversy clearly being less than $ 75,000.00.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Remanding this Case back to the Wayne County Circuit Court, grant Plaintiff his costs, and attorney fees pursuant to U.S.C. 28 U.S.C. §1447(c) and any other relief this Court deems appropriate.

                                                      Respectfully Submitted,

                                                      /s/ Mohammed Abdrabboh
                                                      **MAF LAW, P.C.**
                                                      Mohammed Abdrabboh (61989)
                                                      Attorneys for Plaintiff
                                                      1360 Porter-Suite 200
                                                      Dearborn, MI 48124
                                                      (313) 582-5800

Dated: August 29, 2017

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AMRU HASHEM,**

    Plaintiff,                                Case No.: 17-cv-12178
                                                           Honorable Laurie J. Michelson
v.                                                       Magistrate Anthony P. Patti

**R3 EDUCATION INCORPORATED,** a
Massachusetts Corporation doing business as
Medical University of the Americas,

    Defendant.

_____/

**MAF LAW, P.C.**
Mohammed Abdrabboh (P61989)         Azzam Elder (P53661)
Attorney for Plaintiff                         Attorney for Plaintiff
360 Porter St., Suite 200                  1360 Porter St., Suite 200
Dearborn, MI 48124                        Dearborn, MI 48124
(313) 582-5800
mabdrabboh@hotmail.com

**WILLIAMS, WILLIAMS,**
**RATTNER, AND PLUNKETT, P.C.**
Sidney L. Frank (P13637)
Attorney for Defendant
380 N. Old Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 642-0333
slfrank@wwrplaw.com
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS**
**MOTION TO REMAND TO STATE COURT**

ii

NOW COMES Plaintiff Amru Hashem, by and through his attorneys, MAF Law, P.C., and for his Brief in Support of His Motion to Remand to State Court states as follows:

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED……………………………… ii

CONTROLLING AND MOST APPROPRIATE AUTHORITY……..... iii-iv

STATEMENT OF FACTS………………………...………………….. 1

STANDARD OF REVIEW……………………………………….…....... 2

LEGAL ARGUMENT……………………………………………....... 3

I.   THE AMOUNT IN CONTROVERSY
     DOES NOT EXCEED $ 75,000…………………………….…...... 3

II.  PLAINTIFF SHOULD BE AWARDED HIS COSTS, EXPENSES
     AND ATTORNEY FEES PURSUANT TO 28 U.S.C. §1447(c)…... 7

CONCLUSION...…..…………………………………………….…… 9

## STATEMENT OF ISSUES PRESENTED

1. Whether the amount in controversy exceeds $ 75,000?

Plaintiff's answer: No

This Court should answer: No

2. Whether Plaintiff should be awarded his costs and attorney fees expensed pursuant to 28 U.S.C. §1447(c)?

Plaintiff's answer: Yes

This Court should answer: Yes

# CONTROLLING AND MOST APPROPRIATE AUTHORITY

Cases

*Her Majesty the Queen v. Detroit,*
874 F.2d 332, 339 (6th Cir.1989)……………………….………….. 2, 9

*Wilson v. Republic Iron & Steel Co.*,
257 U.S. 92, 97-98, 42 S.Ct. 35, 37-38, 66 L.Ed. 144 (1921)………………. 3

*Union Planters National Bank v. CBS, Inc.*,
557 F.2d 84, 89 (6th Cir.1977)..……………………………………………. 3

*Southern States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc.*, 336 F.Supp.2d 731, 734 (W.D. Mich. 2004)…..…………….4, 6

*Hayes v. Equitable Energy Res. Co.*,
266 F.3d 560, 572 (6th Cir.2001)……………………………………....…… 4

*Gafford v. Gen'l Elec. Co.*,
997 F.2d 150, 158 (6th Cir.1993)………………………………………….… 4

*McGhee v. Citimortgage, Inc.*,
834 F. Supp. 2d 708, 712 (E.D. Mich. 2011)………………………………. 4

*Pretka v. Kolter City Plaza II, Inc.*,
608 F.3d 744, 755–56 (11th Cir.2010)……………………………………... 4

*McNutt v. General Motors Acceptance Corp. of Indiana*,
298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)……………...…….4, 5

*Worthams v. Atlanta Life Ins. Co.*,
533 F.2d 994, 997 (6th Cir.1976)…………………………………………..… 5

*Pennsylvania R. Co. v. City of Girard*,
210 F.2d 437 (6th Cir.1954)…………………………………………….…... 6

*Goldsmith v. Sutherland*,
426 F.2d 1395, 1398 (6th Cir.1970)……………….…………..……… 6

*Eastman v. Marine Mech. Corp.*,
438 F.3d 544, 549–50 (6th Cir.2006) …………………………..…….. 6, 7

*Martin v. Franklin Capital Corp.*,
546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) …………..... 7, 9

*Morris v. Bridgestone/Firstone, Inc.*,
985 F. 2d 238, 240 (6th Cir. 1993) ………………………………….…... 7

*Partlow v. Pers.*,
798 F. Supp. 2d 878, 887 (E.D. Mich. 2011) …………..………….... 8, 9

*Ohio ex rel. Skaggs v. Brunner,*
629 F.3d 527, 530 (6th Cir.2010) ……………………..……………...… 9

Statutes and Court Rules

28 U.S.C. § 1447(c)…………….................................................... 7, 8, 9

## **STATEMENT OF FACTS**

On or about May of 2016 Plaintiff enrolled at the Medical University of the Americas ("MUA"), a medical school owned and administered by Defendant. Plaintiff entered into an agreement (hereinafter "Contract") with MUA which amongst other relevant items included an agreement to abide by MUA Student Handbook (hereinafter "Handbook"). The Handbook purports to govern expectations of students, staff and outlines procedures in the event certain instances occur. Students are required to take certain specific courses in an orderly manner; students must pass them prior to taking other courses or moving ahead to the next semester. Epidemiology is in fact a course while relatively remedial compared to other subjects encountered in medical school, MUA requires Epidemiology before a student can move on to the next semester. In other words, it is a pre-requisite to moving onto the next semester.

The Contract gives Plaintiff, among other things, a legal and contractual right to be treated in an equitable manner and with due process. In the instant, Plaintiff was contractually permitted to miss up to 20% of any given course for any reason. On or about May 23rd 2017 Plaintiff was fully prepared to take his Epidemiology mid-term exam. Without uttering a word and with only gestures, Associate professor of Epidemiology, Dr. Karun Dev Sharma directed Plaintiff towards Associate Dean Dr. Crum. Dr. Crum escorted Plaintiff outside of the

testing center where he advised Plaintiff he would be forcibly withdrawn from Epidemiology. Thereafter, the Registrar at MUA's Massachusetts office summarily dismissed Plaintiff from the Epidemiology course without his contractually obligated rights to understand the reason or provide an iota of evidence alleging or showing he missed 'too many classes.' After several requests and even an appeal lodge by Plaintiff, he didn't even receive an acknowledgement his appeal was being considered. Without any alternative, Plaintiff filed suit in the Wayne County Circuit Court to either be reinstated in the Epidemiology class (injunctive relief) or a full refund of his monies for tuition paid (breach of contract).

After the case was filed, Plaintiff filed a motion for an Ex Parte Temporary Restraining Order which was granted. In substance and effect, the order required Defendant to reinstate Plaintiff back in the Epidemiology class, and Plaintiff be allowed to take the mid-term and final exam in which he was prohibited due to his unilateral removal from Epidemiology. Defendant did not object to the TRO and complied with the order. Thereafter, Defendant filed its notice of removal alleging that the amount in controversy exceeds $ 75,000.

## **STANDARD OF REVIEW**

The removing party bears the burden of establishing that removal was proper. *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 339 (6th Cir.1989)

2

(holding that "[t]he party seeking removal bears the burden of establishing its right thereto." quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98, 42 S.Ct. 35, 37-38, 66 L.Ed. 144 (1921)). The removal statute "is to be construed strictly and narrowly against removal." *Id*. "Thus, **if doubt exists as to the propriety of removal, the case is to be remanded back to state court**." *Union Planters National Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977) (emphasis added).

## LEGAL ARGUMENT

### I.     THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $ 75,000

The subject of this case is Defendant breaching its contract with Plaintiff regarding administrative remedies before being dismissed from his Epidemiology class. The amount sought in the complaint is $ 69,592 which Plaintiff paid for "tuition, fees, room and board" since he started school with Defendant. Compl. at ¶ 37.  Clearly the amount is below this Court's jurisdictional limit.  Plaintiff also sought injunctive relief to require Defendant to "[i]mmediately reinstate Plaintiff back into the Epidemiology course and reflect the same on MUA's official attendance sheet accessible to MUA students."  *Id*. at ¶ 50(b).

In its Notice of Removal, Defendant's only basis for removal is that "[p]laintiff seeks injunctive relief to protect his career as a medical professional in the United States.  Any such career plainly has a value that exceeds $ 75,000, let alone the mere $ 5,410 necessary to satisfy the diversity jurisdictional requirement

3

given plaintiff's pled monetary damages." Def. Notice of Removal p. 3, ¶ 8. Defendant goes on to say that "[I]n an action seeking injunctive relief, a court determines whether the jurisdictional requirement is met by considering the value of the right sought to be protected by equitable relief or the extent of the injury to be prevented." *Id*. at ¶ 7 citing *Southern States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc*., 336 F.Supp.2d 731, 734 (W.D. Mich. 2004). Defendant concludes with "[b]ased on these facts, removal is proper because Plaintiff's suit is a civil action where the matter in controversy exceeds the sum or value of $ 75,000…" Def. Notice of Removal p. 3, ¶ 9.

In *Hayes v. Equitable Energy Res. Co*. the court held that a defendant must show "by a preponderance of the evidence that the amount in controversy requirement for a diversity action has been met." 266 F.3d 560, 572 (6th Cir.2001) (citing *Gafford v. General Elec. Co*., 997 F.2d 150, 159 (6th Cir.1993)). To meet that burden, the defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." *McGhee v. Citimortgage, Inc*., 834 F. Supp. 2d 708, 712 (E.D. Mich. 2011) (citing *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755–56 (11th Cir.2010) (collecting cases). The removing party "must provide facts in support of its removal notice. **Conclusory statements alone do not establish the amount in controversy**." *McGhee,* 834 F.Supp. 2d at 712 (emphasis added) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*,

4

298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (stating that if a party's "allegations of jurisdictional facts are challenged by [the] adversary in an appropriate manner, [it] must support them by competent proof").

In our case, Defendant submits no proof other than a conclusory statement regarding Plaintiff's potential of becoming a physician which is outside the scope of Plaintiff's complaint. Defendant's argument is not only legally flawed but also misstates Plaintiff's entire reason for seeking injunctive relief. Plaintiff only sought injunctive relief to require Defendant to "[i]mmediately reinstate Plaintiff back into the Epidemiology course and reflect the same on MUA's official attendance sheet accessible to MUA students." Compl. at ¶ 50(b). In the alternative, Plaintiff sought damages in the amount of $ 69,592 which Plaintiff paid for "tuition, fees, room and board" to Defendant which included the Epidemiology course. *Id* at ¶ 37. Simply stated, Plaintiff wanted Defendant to either return his money back or permit him back into the Epidemiology class, nothing more and nothing less is plead by Plaintiff. In fact the $69,592 is a very specific number that is in fact the amount that includes tuition, room and board, etc. When determining whether the amount in controversy has been satisfied, "we examine the complaint at the time it was filed." *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir.1976). Again, in our case Plaintiff's complaint at the time filing and remains seeking one of two things; 1) permit him back in class

5

(injunctive relief) or refund Plaintiff his $ 69,592 (breach of contract). It is generally the law in this circuit that the amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Pennsylvania R. Co. v. City of Girard*, 210 F.2d 437 (6th Cir.1954); *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir.1970). "[I]n an action seeking injunctive relief, a court determines whether the jurisdictional requirement is met by considering the value of the right sought to be protected by equitable relief or the extent of the injury to be prevented." Def. Notice of Removal p. 3, ¶ 7 citing *Southern States Police Benevolent Ass'n, Inc.* 336 F.Supp.2d at 734. In our case, Plaintiff only "sought" to protect by "equitable relief" his contractual rights before being dismissed from his Epidemiology class or get his money back which is "the extent of [his] injury." *Id*.

Finally, Defendant reinstated Plaintiff in his Epidemiology class after Wayne County Circuit Court Judge Lita M. Popke issued the temporary restraining order on May 31, 2017. Since then, Defendant reinstated Plaintiff in the Epidemiology class, and allowed him to take the midterm and final exam. That was specifically the injunctive relief Plaintiff sought. Plaintiff is not and did not seek any other form of injunctive relief. Following Defendant's logic and argument, Defendant could have inversely argued that since injunctive relief was granted, Plaintiff is not entitled to the $69,592. Accordingly, the injunctive relief

6

sought in the complaint at the time of filing is now moot. "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, **the removal statute should be strictly construed and all doubts resolved in favor of remand**." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir.2006) (emphasis added).

## II. PLAINTIFF SHOULD BE AWARDED HIS COSTS, EXPENSES AND ATTORNEY FEES PURSUANT TO 28 U.S.C. §1447(c).

Plaintiff seeks just costs, expenses and attorney fees pursuant to 28 U.S.C. §1447(c) which in short states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that fees under §1447(c) may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This standard does not require "a showing that the unsuccessful party's position was frivolous, unreasonable, or without foundation." *Id*. at 139. The Sixth Circuit has ruled that the district court has broad discretion in fashioning awards of costs and fees and that "a finding of an improper purpose is not necessary to support an award." *Morris v. Bridgestone/Firstone, Inc.*, 985 F. 2d 238, 240 (6th Cir. 1993).

Defendant in this case is motivated exclusively for removal for two distinct purposes, neither meets an objectively reasonable standard or an appropriate

7

purpose under and of the Court Rules.    First, Defendant is a substantial company who desires to delay litigation and make is painfully expensive and exhaustive for 24 year old Plaintiff. Next, Defendant knows they lack on its face a lawful purpose and legal standard for removal, because $69,592 plainly does not meet the $75,000 threshold. Ironically and in an attempt to escape the rare equitable relief of a TRO granted against Defendant by Judge Popke; Defendant's primary arguments for removal are arguments made against the Defendant for exceeding damages and liability not contemplated or suggested by Plaintiff.  Defendant's second purpose is to obstruct the TRO with full knowledge that this delay in adjudication will place Plaintiff under a tremendous amount of pressure due to the uncertainty of the legal proceedings which in turn make his completion of medical school uncertain. This is especially troubling because Plaintiff is a medical student under tremendous inherent challenges. Defendant believes having Plaintiff endure another semester not having any finality on litigation will only further pressure Plaintiff to drop litigation or leave MUA, that is the ultimate goal of Defendant and they have minced no words in that regard.

    Defendant's conjured up and imputed legal theories and damages on behalf of Plaintiff against its own interest.  Defendant's arguments lack any reasonable basis in law or fact.  Plainly stated, Plaintiff sought either his money back ($ 69,592) or to be reinstated back in class, other legal theories suggested by

Defendant are speculative at best! The Sixth Circuit has explained that §1447(c) "gives district courts discretion to grant fees to the opposing party—they 'may' grant fees—if 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Partlow v. Pers.*, 798 F. Supp. 2d 878, 887 (E.D. Mich. 2011) quoting *Ohio ex rel. Skaggs v. Brunner,* 629 F.3d 527, 530 (6th Cir.2010) (quoting *Martin, supra*). Accordingly, Plaintiff requests this Court grant all fees expended by Plaintiff in accordance to and in compliance with § 1447.

## **CONCLUSION**

Defendants is attempting to forum shop after Judge Popke issued the temporary restraining order. Plaintiff had 14 days after the TRO was issued to have an evidentiary to dissolve the TRO, in fact Plaintiff agreed to adjourn the hearing at Defendant's request. Instead of preparing and attending a merits hearing that would have effectively disposed of the case, Plaintiff elected to wait until the last day and sought removal. Removal should be denied because Defendant bears "the burden of establishing its right" of removal. *Her Majesty the Queen v. Detroit*, 874 F.2d at 339. Defendant failed to establish the minimum $ 75,000 jurisdictional limit in this case. According, Plaintiff respectfully requests that this Court remand this case back to the State Court and award him his costs, and legal fees pursuant to § 1447.

                                            Respectfully Submitted,

                                            /s/ Mohammed Abdrabboh
                                            **MAF LAW, P.C.**
                                            Mohammed Abdrabboh (61989)
                                            Attorneys for Plaintiff
                                            1360 Porter-Suite 200
                                            Dearborn, MI 48124
                                            (313) 582-5800

Dated: August 29, 2017

## CERTIFICATE OF SERVICE

     Kal Khalil, being fully sworn, deposes and says that on August 29, 2017, he served Plaintiff's above Motion upon Defendant's counsel of record via the ECF system, and the United States District Court for the E.D. Court Clerk using the ECF system.

     I declare this statement to be true to the best of my knowledge, information and belief.

                                       /s/ Kal Khalil
                                       Kal Khalil