UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AMRU HASHEM,

        Plaintiff,

v.

R3 EDUCATION INCORPORATED,

        Defendant.

Case No. 2:17-cv-12178
Honorable Laurie J. Michelson
Magistrate Anthony P. Patti

## R3 EDUCATION INCORPORATED'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND

Defendant R3 Education Incorporated ("**R3**"), by and through its undersigned counsel, respectfully objects to plaintiff's motion to remand dated August 29, 2017 ("*Motion*"). The *Motion* is predicated on R3's supposed failure to sufficiently demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. The *Motion* also seeks, pursuant to 28 *U.S.C.* § 1447 (c), an award of costs and expenses.

For the reasons more fully set forth in the accompanying memorandum of law, R3 respectfully submits that it has properly shown the existence of an amount in controversy in excess of $75,000, thus establishing this Court's subject matter jurisdiction over the instant controversy. Consequently, the *Motion* should be denied in its entirety. Alternatively, even if this Court determines that a remand is

appropriate, it should not enter an award of costs/expenses because R3's removal was objectively reasonable and fairly supportable under existing precedents.

                                      Respectfully submitted,

                                      /s/ Donald E. Frechette
                                      Donald E. Frechette (P33240)
                                      LOCKE LORD LLP
                                      20 Church Street
                                      Hartford, Connecticut 06107
                                      (860) 541-7713
                                      Donald.frechette@lockelord.com

                                      /s/ Sidney L. Frank
                                      Sidney L. Frank (P13637)
                                      WILLIAMS WILLIAMS RATTNER &
                                      PLUNKETT, P.C.
                                      380 North Old Woodward Ave., Suite 300
                                      Birmingham, Michigan 48009
                                      (248) 642-0333
                                      slfrank@wwrplaw.com

                                      *Attorneys for Defendant*
DATED: August 31, 2017           *R3 Education Incorporated*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AMRU HASHEM,

        Plaintiff,

  v.

R3 EDUCATION INCORPORATED,

        Defendant.

Case No. 2:17-cv-12178
Honorable Laurie J. Michelson
Magistrate Anthony P. Patti

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................ v

I.     INTRODUCTION ........................................................................................ 1

II.    FACTS .......................................................................................................... 1

III.   ARGUMENT ................................................................................................ 2

     A.     The Value Of The Equitable Relief Sought By Plaintiff Exceeds $75,000. ................................................................................................ 2

     B.     The Value Of The Equitable Relief Sought, In Conjunction With Plaintiff's Claim For Damages, Exceeds The Jurisdictional Threshold. ..................................................................... 7

     C.     No Order Of Costs Or Expenses Should Enter. .................................. 8

IV.   CONCLUSION ............................................................................................ 9

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. EDS*, 13 F.3d 940, 946 (6th Cir. 1994)..................................................6

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) .........................6

*Anthony v. Madison*, 896 F.Supp. 714, 717 (E.D. Mi. 1995) ...................................6

*Coleman Advertising, Inc. v. Visionmedia*, 2003 WL 345368, at *3 (E.D. Mich. Jan. 31, 2003)........................................................................................................v, 6

*Connelly v. Univ. of Vt. And State Agric. Coll.*, 244 F.Supp. 156 (D. Vt. 1965)... v, 3, 4

*ITMAmerica v. Nutmeg Senior Rides, Inc.*, 2015 WL 5224928, at *3 (D. Me. Sept. 8, 2015) ...................................................................................................................7

*Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)..................................6

*McGhee v. CitiMortgage, Inc.*, 834 F.Supp.2d 708, 712 (E.D. Mich. 2011) ............6

*Okereke v. Allen*, 2015 WL 550888, at *4 fn. 4 (S.D.N.Y. July 29, 2015) ...............4

*Ostrer v. Aronwald*, 434 F.Supp. 396, 399-400 (S.D.N.Y. 1977) ............................4

*Quinn v. First Family Fin. Servs., Inc.*, 2003 WL 22244236, at *2 (N.D. Miss. 2003) ......................................................................................................................7

*Southern States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc.*, 336 F.Supp.2d 731, 734 (W.D. Mich. 2004).........................................................2

*Wartman v. Genoa Twp. Bd. Of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) ............................................................................................................................v, 9

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) .....................6

*Zibari v. Int'l College of Surgeons – World Body*, 2104 WL 4146382, at *6 (W.D. La. Aug. 14, 2014)..............................................................................................v, 3

**Statutes**

28 *U.S.C.* 1332 ................................................................................................4

28 *U.S.C.* 1447 (c) ............................................................................................8

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Does the amount in controversy exceed $75,000?

    Defendant Answers: Yes

    Plaintiff Answers: No

2. If the Motion is granted, is an award of costs and fees appropriate?

    Defendant Answers: No

    Plaintiff Answers: Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Coleman Advertising, Inc. v. Visionmedia*, 2003 WL 345368, at *3 (E.D. Mich. Jan. 31, 2003)

*Connelly v. Univ. of Vt. And State Agric. Coll.*, 244 F.Supp. 156 (D. Vt. 1965)

*Wartman v. Genoa Twp. Bd. Of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008)

*Zibari v. Int'l College of Surgeons – World Body*, 2104 WL 4146382, at *6 (W.D. La. Aug. 14, 2014)

I.     **INTRODUCTION**

Plaintiff Amru Hashem ("**Mr. Hashem**") brought this two count action in the Wayne County circuit court. Count I of the *Complaint* seeks damages for an alleged breach of contract, while Count II seeks equitable relief.

Defendant R3 Education Incorporated ("**R3**") removed to this Court on the basis of diversity of citizenship. In so doing, R3 tacitly acknowledged that Count I – at least standing alone – did not satisfy the $75,000 jurisdictional threshold of this Court. Instead, R3 asserted that the equitable relief sought in count II, either standing alone, and certainly when combined with the damage claims set forth in count I, easily satisfied the jurisdictional prerequisite.

Plaintiff has moved to remand this matter ("*Motion*"), and for an award of costs and expenses. For the reasons described below, the *Motion* should be denied.[1]

II.     **FACTS**

Most of the "facts" relied upon by Mr. Hashem in the *Motion* are, besides being unsupported by the record, simply irrelevant to the resolution of the matter at bar. Instead, R3 respectfully submits that the salient facts can be briefly summarized as follows.

---

[1] Subsequent to its removal of this case, R3 also filed an amended motion to dismiss or, alternatively, to transfer [ECF No. 6] based on R3's assertion that this Court lacks *in personam* jurisdiction over it. Plaintiff has never responded to that motion and the same is now ripe for adjudication.

Count I of the *Complaint* requests $69.592.00 in damages.  *Complaint*, p. 7.  Count II of the *Complaint*, which is not pled in the alternative, specifically avers, *inter alia*, that R3's failure to "correct" Mr. Hashem's transcript "will prevent [Mr. Hashem] from any meaningful opportunity to pursue a future career in medicine in the United States" and Mr. Hashem thus asks that this Court, among other things, "[o]rder [R3] to remove all negative connotations on [Mr. Hashem's] academic record . . . ." *Id.*, ¶¶ 49-50

### III.  ARGUMENT

#### A.  The Value Of The Equitable Relief Sought By Plaintiff Exceeds $75,000.

"[I]n an action seeking injunctive relief, a court determines whether the jurisdictional requirement is met by considering the value of the right sought to be protected by equitable relief or the extent of the injury to be prevented." *Southern States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc.*, 336 F.Supp.2d 731, 734 (W.D. Mich. 2004).

Here, the *Complaint* specifically alleges that R3 improperly withdrew Mr. Hashem from his Epidemiology course, with the result that his transcript reflects a "WF" (meaning "Withdrawn – Failed") for the Course.  He seeks injunctive relief including (a) the removal of that notation from his transcript, along with any other "negative connotations" on his transcript relating to that course; (b) his reinstatement into the course; and (c) whatever accommodations are needed in

order for him to complete the course following reinstatement. *Complaint*, ¶ 50. The *Complaint* further asserts that, absent such removal, Mr. Hashem will be denied "any meaningful opportunity to pursue a future medical career in the United States." *Id.*, ¶ 49.

Mr. Hashem's own pleading thus establishes that the "injury" he seeks to protect is the loss of a medical career or, more precisely, a cardiology career. *See Motion for an Emergency Temporary Restraining Order, Show Cause Order and Preliminary Injunction and Brief in Support*, May 30, 2017 [ECF No. 1-2], p. 13 (unnumbered) ("**TRO Motion**"). Clearly, the value of a cardiology career, or any medical career for that matter, exceeds $75,000. *See Zibari v. Int'l College of Surgeons – World Body*, 2104 WL 4146382, at *6 (W.D. La. Aug. 14, 2014) (action to enjoin expulsion from American College of Surgeons; remand motion denied and amount in controversy deemed satisfied because "value of a surgeon's livelihood exceeds the requisite jurisdictional minimum").

*Connelly v. Univ. of Vt. And State Agric. Coll.*, 244 F.Supp. 156 (D. Vt. 1965), is also instructive and somewhat similar on its facts to the matter *sub judice*. There, plaintiff missed a number of classes due to illness and was advised that he could not advance to his fourth year of medical school because he had failed more than 25% of the major courses of his third year. *Id.* at 158. He petitioned the school to repeat his third year, which petition was denied and plaintiff was

3

dismissed. *Id.* He alleged that his dismissal was improper and he sought to have it rescinded by the Court. The defendant moved to dismiss contending, *inter alia*, that there was not a sufficient amount in controversy to satisfy the requirements for diversity jurisdiction under 28 *U.S.C.* 1332 (at the time, $10,000). The district court denied the motion, stating:

> The defendant's contention that the required jurisdictional amount is not present is equally unavailing. In injunction actions, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented. The value of the right of a third year medical student to complete his fourth year and attain a degree which entitles him to practice the profession of medicine is worth, for purposes of determining the jurisdictional amount, in excess of $10,000.

*Id.* at 159 (citation omitted); *see also Okereke v. Allen*, 2015 WL 550888, at *4 fn. 4 (S.D.N.Y. July 29, 2015) (malpractice that deprived doctor of ability to practice medicine "surely" met $75,000 jurisdictional threshold); *compare Ostrer v. Aronwald*, 434 F.Supp. 396, 399-400 (S.D.N.Y. 1977) (injunction action seeking, among other things, to prevent defendants from releasing information to state bar authorities; "value of that which is allegedly at stake[,] plaintiff's career as an attorney[,] can be viewed in monetary terms and is sufficient to meet the jurisdictional amount requirement").

The *Motion* counters this simple logic with any number of red-herrings and, in some cases, outright misstatements. First, Mr. Hashem asserts that "Plaintiff

4

*only* sought injunctive relief to '[i]mmediately reinstate Plaintiff back into the Epidemiology course and reflect the same on MUA's official attendance sheet accessible to MUA students.'" *Motion*, p. 5 (emphasis added). He then goes on to state that R3 "reinstated Plaintiff in the Epidemiology class, and allowed him to take the midterm and final exam. That was specifically the injunctive relief Plaintiff sought. ***Plaintiff is not and did not seek any other form of injunctive relief.***" *Id.*, p. 6 (emphasis added).

But that ***wasn't*** the ***only*** relief sought by Mr. Hashem and the *Complaint* itself proves the point. Indeed, the *Complaint* seeks a host of injunctive remedies in relation to the Epidemiology course, in particular, and in connection with Mr. Hashem's academic career, in general, all designed to allow him to continue the pursuit of his medical degree. Specifically, and as discussed above, it asks that the "WF" from his Epidemiology course be vacated (along with any other "negative connotations [*sic*] on Plaintiff [*sic*] academic record"). *Complaint*, ¶ 50 (a). While R3 did (as it was ordered to do) allow Mr. Hashem to take his final exam, it has ***not*** removed the WF from his academic record or reinstated him in the course, nor did the state court's TRO require it to do so. To the contrary whether his withdrawal from the course was improper, and thus whether the WF should remain as his final grade for the course, are the ultimate issues that remain to be decided on the merits (since the same are not proper subjects of preliminary injunctive

5

relief, the point of which is merely to preserve the status quo pending a final adjudication). Any suggestions of mootness by Plaintiff are thus simply wrong.[2]

Plaintiff also argues that R3 hasn't **proven** that the allegations of the *Complaint* satisfy the jurisdictional threshold, and that its "conclusory" assertions are insufficient. *Motion*, p. 4, citing *McGhee v. CitiMortgage, Inc.*, 834 F.Supp.2d 708, 712 (E.D. Mich. 2011). But this argument ignores a host of precedent in this district, and at the circuit court level, that the showing of an adequate amount in controversy can be accomplished in either of two ways – from the "facially apparent" allegations of the complaint *or* by extrinsic proofs. *See Coleman Advertising, Inc. v. Visionmedia*, 2003 WL 345368, at *3 (E.D. Mich. Jan. 31, 2003); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above [the jurisdictional amount]."); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (to same effect); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (same). It is "facially apparent" that the value of a cardiology career exceeds $75,000.[3]

---

[2] In any event, "[r]emoval is determined on the basis of the allegations in the complaint at the time it was filed." *Anthony v. Madison*, 896 F.Supp. 714, 717 (E.D. Mi. 1995), citing *Alexander v. EDS*, 13 F.3d 940, 946 (6th Cir. 1994).

[3] Plaintiff's assertion that R3's reference to his "potential of becoming a physician . . . is outside the scope of Plaintiff's complaint," *Motion*, p. 5, is disingenuous. Indeed, the entire thrust of the *Complaint* is to preserve Mr.

6

## B. The Value Of The Equitable Relief Sought, In Conjunction With Plaintiff's Claim For Damages, Exceeds The Jurisdictional Threshold.

As argued above, plaintiff's equitable claims, standing alone, more than satisfy this Court's $75,000 jurisdictional requirement. But even if they didn't, the requisite amount in controversy still exists because, when those claims are aggregated with the $69,592 in damages sought by Mr. Hashem, his claims clearly exceed the prescribed sum.

"[W]hen a plaintiff seeks both damages and equitable relief in a lawsuit, the value of the equitable relief is added to the amount of the damages claims in order to determine the amount in controversy." *Quinn v. First Family Fin. Servs., Inc.*, 2003 WL 22244236, at *2 (N.D. Miss. 2003); *see also ITMAmerica v. Nutmeg Senior Rides, Inc.*, 2015 WL 5224928, at *3 (D. Me. Sept. 8, 2015) (recognizing aggregation of claims for damages and injunctive relief to determine amount in controversy). Here, given Mr. Hashem's $69,592 damages claim, the value of the equitable relief also sought by him need equal only $5,408 for the jurisdictional threshold to be met. As discussed above, that showing is manifest give the claimed potential loss of Mr. Hashem's cardiology career.

---

Hashem's ability to obtain this vocational objective. And, if the *Complaint* leaves any doubt -- and it does not -- Mr. Hashem's TRO motion removes it. *See TRO Motion*, p. 13 (unnumbered) ("it would be unfair and irreparable if Plaintiff's medical career effectively ended in this manner, **which it would without injunctive relief**.") (emphasis added).

The *Motion* counters this argument by asserting that Mr. Hashem "wanted [R3] to *either* return his money back *or* to permit him back into the Epidemiology class . . . ." *Motion*, p. 5 (emphasis added); *see also id*. (asserting that the *Complaint* sought damages and injunctive relief "in the alternative"). But that is not what the *Complaint* says. To the contrary, its allegations aver that Mr. Hashem "*has* suffered and continues to suffer damages as a result of [R3's] breach." *Complaint*, ¶ 44 (emphasis added).[4] Thus, Mr. Hashem seeks both injunctive relief (to prevent further harm) and damages (for the harm he claims to have already sustained). Indeed, nothing in the *Complaint* pleads Mr. Hashem's claims in the alternative and, in fact, his TRO motion specifically alleges to the contrary. *See TRO Motion,* p. 2 (unnumbered) ("Plaintiff's claims in his verified complaint include requests for equitable relief *and* legal relief.") (emphasis added).

    C.    **No Order Of Costs Or Expenses Should Enter.**

As argued above, the *Motion* should be denied and, obviously, an award pursuant to 28 *U.S.C.* 1447 (c) would, in that case, be inappropriate. But even if this Court should elect to remand these proceedings, Mr. Hashem's motion for costs should be turned aside.

> 'Absent unusual circumstances,' the Supreme Court instructs that fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for

---

[4] The *Complaint* actually contains two paragraphs numbered "44." The above citation is to the first of them.

8

>seeking removal.' This court has similarly instructed that 'an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove.'

*Wartman v. Genoa Twp. Bd. Of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (citations omitted).

Here, and for all of the reasons set forth above, R3's removal was certainly "fairly supportable" and Mr. Hashem's allegations regarding R3's supposed motivation in seeking removal are just that – allegations. They are devoid of evidence.

## IV.  CONCLUSION

For all of the reasons set forth above, the *Motion* should be denied in its entirety. To the extent any remand is ordered, no award of costs should enter because R3's actions in seeking removal were, at a bare minimum, "fairly supportable."

Respectfully submitted,

/s/ Donald E. Frechette
Donald E. Frechette (P33240)
LOCKE LORD LLP
20 Church Street
Hartford, Connecticut 06107
(860) 541-7713
Donald.frechette@lockelord.com

9

                                              /s/ Sidney L. Frank
Sidney L. Frank (P13637)
WILLIAMS WILLIAMS RATTNER &
PLUNKETT, P.C.
380 North Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
(248) 642-0333
slfrank@wwrplaw.com

*Attorneys for Defendant*
DATED: August 31, 2017         *R3 Education Incorporated*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 31, 2017, I electronically filed the foregoing papers with the Clerk of the Court by using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.

/s/ Sidney L. Frank
Sidney L. Frank (P13637)
WILLIAMS WILLIAMS RATTNER & PLUNKETT, P.C.
380 North Old Woodward Ave., Suite 300
Birmingham, Michigan 48009
(248) 642-0333
slfrank@wwrplaw.com

*Attorneys for Defendant*
*R3 Education Incorporated*